**Ronny Osbin CUMMINGS,**
**Petitioner–Appellant,**

v.

**L.E. FLEMING, Warden, Federal**
**Medical Center–Fort Worth,**
**Respondent–Appellee.**

No. 03–10395.
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 2003.

Ronny Osbin Cummings, Fort Worth, TX, pro se.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Ronny Cummings, federal prisoner # 24611–034, convicted of carjacking, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for failing to satisfy the requirements of 28 U.S.C. § 2255's savings clause. Cummings argues that his sentence under 18 U.S.C. § 2119(2) violated the Supreme Court decision in *Jones v. United States,* 526 U.S. 227, 251–52, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), because his indictment failed to allege that serious bodily injury resulted during his offense. He states that he should be allowed to file the claim in a 28 U.S.C. § 2241 petition because 28 U.S.C. § 2255 is ineffective to test the legality of his detention.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cummings has not shown that he was convicted of an offense which is now non-existent based upon a retroactively applicable Supreme Court decision. *See Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001); *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). *Jones* has no effect on whether the facts of Cummings's case support his conviction for carjacking during which serious bodily injury resulted. *See Wesson v. U.S. Penitentiary, Beaumont, TX*, 305 F.3d 343, 348 (5th Cir.2002), *cert. denied*, 537 U.S. 1241, 123 S.Ct. 1374, 155 L.Ed.2d 212 (2003). Cummings has not met the requirements to file his claim in a 28 U.S.C. § 2241 petition.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.